Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Boulevard, Suite 1030
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff MARIE F. HINGADA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE F. HINGADA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNIQUE MORTGAGE, INC., a California corporation; ILANA GABAY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV09-3875 (CTx)<br><br>COMPLAINT FOR DAMAGES FOR<br><br>1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT;<br><br>2. VIOLATIONS OF THE CREDIT SERVICES ACT;<br><br>3. CONVERSION;<br><br>4. FRAUD; AND<br><br>5. MONEY HAD AND RECEIVED.<br><br>DEMAND FOR JURY TRIAL |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1679 *et seq.*, and 28 U.S.C. §§1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

2. The plaintiff, MARIE F. HINGADA (hereinafter collectively "Plaintiff"), is a natural person who, at all times relevant herein, was a resident of the State of California.

3. Defendant UNIQUE MORTGAGE, INC. (hereinafter "UMI") is and at all times relevant herein was a California corporation with its principal place of business at 20720 Ventura Boulevard in Woodland Hills, California 91364. UMI is and was a "credit repair organization" within the meaning of 15 U.S.C. section 1679a(3)(A), and a "credit services organization" as defined by California Civil Code section 1789.12(a). At all times relevant herein, UMI did business under the name "BEST SCORE CREDIT."

4. Defendant ILANA GABAY ("GABAY") is and at all times herein was a natural person who, on information and belief, resides in the County of Los Angeles, State of California, and is a "credit repair organization" within the meaning of 15 U.S.C. section 1679a(3)(A), and a "credit services organization" as defined by California Civil Code section 1789.12(a).

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and

approved by the other named defendants.

## III. FACTUAL ALLEGATIONS.

7. Within the past three years, the Defendants made specific promises to Plaintiff about their ability to erase derogatory marks from Plaintiff's credit reports and improve the credit scores awarded to Plaintiff by the various major credit reporting agencies. GABAY guaranteed to Plaintiff that her and UMI's methods were lawful.

8. In reliance upon the Defendants' assurances, and at their specific request and instruction, Plaintiff paid Defendants a total of $450.00, prior to Defendant's commencement of the promised credit-repair services. Defendant did not provide Plaintiff a statement which contained the disclosures and terms required by the Credit Repair Organizations Act (15 U.S.C. §1679c), such as Plaintiff's right to sue "a credit repair organization that violates the Credit Repair Organization Act," etc. Nor did the Defendants provide Plaintiff with a statement of information consistent with the requirements of California Civil Code section 1789.14 et seq., or a contract consistent with the requirements of 15 U.S.C. §1679d, or California Civil Code section 1789.16.

9. Plaintiff's payments to Defendants were solely for credit repair services.

10. After paying Defendants, Plaintiff regularly checked her credit reports for positive changes. When none occurred, Plaintiff repeatedly inquired about the delay with Defendants, and requested progress updates. In response, Defendants were evasive.

11. Defendants performed none of the services promised. Prior to commencing this lawsuit, Plaintiff attempted to resolve the matter amicably, but the Defendants continued to ignore her. Defendant has failed and refused to refund any portion of Plaintiff's money.

## FIRST CLAIM FOR RELIEF

(For Violations of the Credit Repair Organizations Act Against GABAY, UMI, and DOES 1 through 5, inclusive)

12. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 11 above.

13. Defendant and Does 1 through 5, inclusive, violated the Credit Repair Organizations Act, 15 U.S.C. §1679 *et seq.* ("CROA"). Defendants' violations include, but are not limited to, the following:

a) Demanding and obtaining payment in advance for their credit repair services, in violation of 15 U.S.C. section 1679b(b);

b) Making untrue and/or misleading statements to Plaintiff about defendants' credit repair services, in violation of 15 U.S.C. section 1679b(a)(3);

c) Engaging in acts, practices, and/or courses of business that constituted or resulted in the commission of fraud or deception of Plaintiff in connection with their sale of credit repair services to Plaintiff, in violation of 15 U.S.C. section 1679b(a)(4);

d) Advising Plaintiff to utilize a falsified identification in order to conceal accurate credit information pertaining to Plaintiff, in violation of 15 U.S.C. section 1679b(a)(2); and

e) Failing to make the disclosures required under 15 U.S.C. section 1679c.

14. As a result of the above violations of the CROA, Defendant and DOES 1 through 5, inclusive, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the CROA, and Plaintiff's actual damages, punitive damages, costs and attorney's fees, under 15 U.S.C. §1679g(a).

///
///
///
///

# SECOND CLAIM FOR RELIEF

(For Violations of the Credit Services Act Against GABAY, UMI, and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants GABAY, UMI, and Does 1 through 5, inclusive, violated the Credit Services Act, codified at California Civil Code section 1689.10 *et seq.* ("CSA"). Defendants' violations include, but are not limited to, the following:

a) Demanding and obtaining payment in advance for their credit repair services, in violation of Civil Code section 1789.13(a);

b) failing to perform the agreed services, in violation of Civil Code section 1789.13(b);

c) Making untrue and/or misleading statements to Plaintiff about defendants' credit repair services, in violation of Civil Code section 1789.13(g);

d) Engaging, directly or indirectly, in an act, practice, or course of business that operated as a fraud or deception upon a person in connection with the offer or sale of the services of a credit services organization, in violation of Civil Code section 1789.13(h);

e) Failing to provide a statement of information consistent with the requirements of California Civil Code section 1789.14 et seq.; and

f) Failing to provide a contract consistent with the requirements of California Civil Code section 1789.16.

17. As a result of the above violations of the, Defendants are liable to Plaintiff for declaratory judgment that defendants' conduct violated the CSA, and Plaintiff's actual damages, punitive damages, costs and attorney's fees under Civil Code section 1789.21(a).

///
///

## THIRD CLAIM FOR RELIEF

(For Conversion Against GABAY, UMI and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, intentionally took from Plaintiff and converted to their own use $450.00.

20. The conduct of the defendants, and each of them, was wanton, malicious, fraudulent and oppressive, thus justifying an award of punitive and/or exemplary damages against the defendants, and each of them.

## FOURTH CLAIM FOR RELIEF

(For Fraud Against GABAY, UMI and DOES 1 through 5, inclusive)

21. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 20 above.

22. Defendants, and each of them, made specific representations of fact to Plaintiff, including representations about their ability to improve Plaintiff's credit record, their intention to take action sufficient to improve Plaintiff's credit record, and the lawfulness of their methods for improving Plaintiff's credit record.

23. At the time that they made the aforementioned representations, defendants, and each of them, knew that the representations were false. Defendants made such representations in order to induce Plaintiff to part with her money.

24. In reliance upon defendants' representations of fact, Plaintiff paid $450.00 to defendants. Plaintiff's reliance was reasonable in that Defendants made assurances of their skills, and spoke authoritatively and persuasively about their ability and track record with similar tasks. Had Plaintiff known the true facts, Plaintiff would not have paid any money to Defendants.

25. As a direct and proximate result of his reliance upon defendants' misrepresentations, Plaintiff has been harmed.

26. The conduct of the defendants, and each of them, was wanton, malicious, fraudulent and oppressive, thus justifying an award of punitive and/or exemplary damages against the defendants, and each of them.

## FIFTH CLAIM FOR RELIEF

(For Money Had and Received Against GABAY, UMI, and DOES 1 through 5, inclusive)

27. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 26 above.

28. In or around December, 2006, in or around Los Angeles, California, Defendant and DOES 1 through 5, inclusive, became indebted to Plaintiff in the sum of $450.00 for money had and received by those defendants, for the use and benefit of Plaintiff.

29. Plaintiff has repeatedly demanded payment from Defendant and DOES 1 through 5, inclusive.

30. No payment has been made by Defendant or DOES 1 through 5, inclusive, to Plaintiff. There is now owing the sum of $450.00 with interest on that amount at the rate of 10.000% per annum.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against the defendants as follows:

1. Punitive and/or exemplary damages, under common law, Civil Code section 1789.21(a), and 15 U.S.C. section 1679g(a)(2);

2. Actual damages, pursuant to 15 U.S.C. section 1679g(a)(1) and Civil Code section 1789.21(a);

4. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1679g(a)(3) and Civil Code section 1789.21(a);

5. General damages, with prejudgment interest as permitted by law;

6. Declaratory relief, including but not limited to a declaration that any agreement between Plaintiff and Defendant is void under the Credit Repair Organizations Act and the Credit Services Act;

7. Restitution of all sums paid by Plaintiff to Defendant and/or DOES 1 through 5; and

8. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that plaintiff MARIE F. HINGADA requests a trial by jury.

DATED: May 29, 2009                          Respectfully submitted,

                                             By: _____
                                             Aidan W. Butler
                                             Attorney for Plaintiff
                                             MARIE F. HINGADA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

```
CV09- 3875 PA (CTx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY



Aidan W. Butler (SBN 208399)
Attorney at Law
3540 Wilshire Blvd. Suite 1030
Los Angeles, CA 90010
Tel. (213) 388-5168
Fax (213) 388-5178

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE F. HINGADA, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>UNIQUE MORTGAGE, INC., a California corporation; ILANA GABAY, an individual; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-3875 PA (CTx)**<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Aidan W. Butler_____, whose address is _3540 Wilshire Blvd. Suite 1030, Los Angeles, CA 90010_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN - 1 2009__     By: _____NATALIE LONGORIA_____
                                             Deputy Clerk

(Seal)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

---

CV-01A (12/07)                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARIE F. HINGADA, an individual, | UNIQUE MORTGAGE, INC., a California corporation; ILANA GABAY, an individual; and DOES 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Aidan W. Butler (SBN 208399)<br>3540 Wilshire Blvd. Suite 1030, Los Angeles, CA 90010<br>Tel. (213) 388-5168; fax (213) 388-5178 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ No amount specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Credit Repair Organizations Act - 15 U.S.C. section 1679 et seq. - violations thereof

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09-3875**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date May 29, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |