JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3875 PA (CTx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Marie F. Hingada v. Unique Mortgage, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS - ORDER**

  Plaintiff filed a Complaint with this Court on June 1, 2009.  On October 9, 2009, the Court issued an Order to Show Cause why this case should not be dismissed because plaintiff had not sought entry of default after defendant Unique Mortgage failed to file an answer.  In response, plaintiff filed an amended Complaint on October 5, 2009, adding defendants Ilana Gabay and Aaron Brill to the Complaint.

  On November 25, 2009, the Court issued another Order to Show Cause why this case should not be dismissed because plaintiff had not sought entry of default after the defendants failed to file an answer to the First Amended Complaint.  In response, plaintiff filed an application for the clerk to enter default against defendants on December 8, 2009.  The clerk rejected the application because, among other reasons, plaintiff provided an insufficient proof of service.  On December 28, 2009, defendant Unique Mortgage attempted to file an answer to the Complaint in pro se.  Consequently, the Court issued a discrepancy Order and rejected the answer in light of the fact that a corporation cannot appear in pro se (Local Rule 83-2.5.1).  To date, plaintiff has not corrected the noted deficiencies in her request for the clerk to enter default against the defendants.

  It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

  In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3875 PA (CTx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Marie F. Hingada v. Unique Mortgage, Inc., et al. | | |

public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

    Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See West Coast theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, the court cautioned plaintiff about the possibility of dismissal in the court's Standing Order and in the Court's order of October 9, 2009 and November 25, 2009.

    Accordingly, plaintiff's action is dismissed without prejudice for failure to prosecute.

    IT IS SO ORDERED.

_____ : _____

Initials of Preparer